UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jason Morris Gourdine, | ) C/A No. 9:17-1803-TMC-BM |
|---|---|
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Warden McFadden, | ) |
| Respondent. | ) |

The Petitioner, Jason Morris Gourdine, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate of the South Carolina Department of Corrections (SCDC), and files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).



Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

In his Petition, Petitioner states that he is challenging his March 17, 2016 sentence (life without parole) in Berkeley County, but fails to provide pertinent details. He attached a copy of his Appellate Brief, which he appears to have submitted to the South Carolina Court of Appeals in his state court appeal (Case No. 2016-000640) of his convictions on three counts of attempted murder and one count of criminal conspiracy. ECF No. 1-1. However, Petitioner failed to provide complete, responsive answers to the questions in the Petition form. In many places, he references cases filed by other SCDC inmates in this court and in South Carolina state courts.

Petitioner may also be attempting to challenge the disposition of various civil actions filed by other SCDC inmates.[1] He marked through portions of the § 2254 form's title ("Petition

---

[1] The undersigned notes that this action appears to be derived from similar petitions filed in other cases in this district. See, e.g., Crawford v. McFadden, No. 9:16-3808-TLW-BM; Mitchell v. McFadden, No. 5:17-105-BHH-KDW; Cook v. McFadden, No. 1:16-3853-RMG-SVH; Bellamy v. Warden, Lieber Corr. Inst., No. 4:16-3807-RMG; Duren v. McFadden, No. 1:16-3756-MBS-SVH. A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].



2

under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody"), crossing out § 2254 and adding a notation of "§ 1983."[2] Further, in addition to Warden McFadden, Petitioner listed "Judge Robert E. Hood et al" and "parties listed in case 8:16-cv-3328 et al" in the caption of the Petition. ECF No. 1 at 1. Petitioner also filed a pleading titled "Affidavit of Facts Giving Judicial Notice, Petition to Remove." ECF No. 4.

Because Petitioner opened this case with a partially completed § 2254 petition form, is "in custody pursuant to the judgment of a State court," and seeks to have his conviction(s) vacated (see ECF No. 1 at 39), the undersigned had analyzed the Petition pursuant to § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1059-60 (11th Cir. 2003)[state prisoner cannot use a § 2241 petition to avoid the restrictions under § 2254]; Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir.1986) ["If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the *exclusive* remedy."]; 28 U.S.C. § 2254(a). As such, the proper Respondent in this action is Warden McFadden (the Warden of Lieber Correctional Institution - where Petitioner is incarcerated), because a prisoner's custodian is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

Turning then to the merits (as best they can be determined), this action is subject to summary dismissal because Petitioner's allegations are vague and conclusory in violation of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. A habeas petitioner must specify all grounds for relief available to the petitioner and state facts supporting each ground. See Mayle v. Felix, 545 U.S. 644, 655-56 (2005). He may not simply incorporate briefs or

---

[2]If Petitioner is seeking to bring claims pursuant to 42 U.S.C. §1983, he may not present such claims in a habeas action to avoid paying the $350 filing fee. See Altizer v. Dir., Va. Dep't of Corr., No. 7:12-CV-00360, 2012 WL 4619264, at *1 (W.D.Va. Oct.1, 2012).



3

documents in other cases by reference. See Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 446-47 (E.D. Va. 2009) [finding excessive incorporation by reference in a pleading creates unnecessary confusion]. Moreover, to the extent that Petitioner's requests to "expand the scope and for inclusion" (see, e.g., ECF No. 1 at 4) of other persons' lawsuits indicate an intent to incorporate outside documents by reference, Rule 10(c) does not permit the incorporation by reference of the contents of documents from other cases. See, e.g., Muttathottil v. Mansfield, 381 F. App'x 454, 457 (5th Cir. 2010)[another litigant's crossclaim in a different case cannot be incorporated by reference]; Gooden v. Crain, 255 F. App'x 858, 862 (5th Cir. 2007)[litigant could not incorporate claims from previously dismissed action into subsequently filed pleading]; Langella v. Cercone, No. 09-cv-312E, 2010 WL 2402940, at *6 n.1 (W.D.Pa. 2010)[Rule 10(c) does not allow pleader to incorporate arguments raised in another party's motion to dismiss"]. Thus, this Petition should be summarily dismissed because Petitioner fails to provide information sufficient to ascertain the grounds he asserts for habeas relief. Cf. Peyatt v. Holland, No. 85-6488, 1987 WL 35854 (4th Cir. Feb. 4, 1987).

Further, Respondent is entitled to be served with a petition which provides pertinent information about the state court proceedings and the specific grounds raised. Since Petitioner has not submitted a petition with all questions answered and specific grounds raised, this case as submitted is too conclusory and lacking in detail to go forward under 28 U.S.C. § 2254. Moreover, the lack of specific grounds raised in the Petition would not apprise Respondent of the specific claim(s) raised by Petitioner.

Records from the Berkeley County Court of Common Pleas indicate that Petitioner was convicted on March 17, 2016 of three counts of attempted murder and one count of criminal



4

conspiracy (Case Numbers 2013-A-08-10401130, 2013-A-08-10-401131, 2013-A-08-10-401132, and 2013-A-08-10-401136). He received three concurrent sentences of life without parole as to the attempted murder convictions and five years concurrent as to the criminal conspiracy conviction. All four convictions are currently on appeal. See Berkeley County 9th Judicial Circuit Public Index, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2013A0810401130&CaseType=C&HKey=80111696772791006690701028457801146987117757910411657108841091086911811265511101111111149866481106912173, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2013A0810401131&CaseType=C&HKey=103677469114551041068888122528587117788355831198847897812067727966681221097151714798707210011510989, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2013A0810401132&CaseType=C&HKey=5479661018784111904712152113567049121901211126984525056116561148211669122738510711881764974531144773, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=2013A0810401136&CaseType=C&HKey=1108786118551207710774103827810087697611672907072109901174911254838811587977686981118165101698855119 (last visited Sept. 8, 2017).³

---

³This Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



5

As such, the § 2254 Petition filed in this case should also be dismissed because Petitioner has not alleged that he has fully exhausted his state court remedies. With respect to his March 17, 2016 Berkeley County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and, possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b), (c);[4] Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) [exhaustion also required under 28 U.S.C. § 2241]. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to

---

[4]The exhaustion requirement of Section 2254 provides:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)    (i) there is an absence of available State corrective process; or
            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254(b), (c).



6

vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden).

The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted). This doctrine requires that, before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court with appellate jurisdiction to consideration the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) [state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition]; Picard v. Connor, 404 U.S. 270, 276 (1971); see also Longworth v. Ozmint, 377 F.3d 437, 447-448 (4th Cir. 2004).

Here, before Petitioner can be said to have exhausted his state-court remedies, he must first complete the direct-appeal process, and then file and pursue a PCR application in Berkeley County. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 through 17-27-160, is a viable state-court remedy. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). If Petitioner files a PCR application, which is later denied by the Court of Common Pleas for Berkeley County, he must then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under



7

South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws. Such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

Therefore, because it is clear that Petitioner has viable state court remedies, including his currently pending direct appeals of his sentences, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."].

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 13, 2017
Charleston, South Carolina

8

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Offic e Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

