IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Morris Gourdine, | ) | |
| | ) | C/A No. 9:17-01803-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, James Morris Gourdine, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the petition be dismissed without prejudice and without requiring Respondent to file a return because Petitioner has not exhausted his state court remedies prior to filing this petition and because the petition is vague and conclusory in violation of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 9). Petitioner timely objected to the Report. (ECF No. 12).

The Report has no presumptive weight, and the responsibility to make a final determination in this matter remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the

1

magistrate judge. *See id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life and Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this habeas petition pro se, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND

In his petition, Petitioner states that he is challenging his March 17, 2016, sentence of life without parole from Berkeley County, South Carolina. (ECF No. 1). In addition to the petition, Petitioner attached a copy of the appellate brief that he appears to have submitted to the South Carolina Court of Appeals regarding his convictions on three counts of attempted murder and one count of criminal conspiracy (case number 2016-000640). (ECF No. 1-1). This brief is dated April 25, 2017. (ECF No. 1-1 at 132). However, in regards to the petition itself, Petitioner failed to provide this court with responsive answers to the questions provided on Petition Form AO 241 approved for use by persons seeking relief pursuant to § 2254. For instance, Petitioner often completely disregarded the question posed on the form and instead filled in the blanks provided with unrelated information pertaining to other cases pending before the District Court of South Carolina. In fact, in many places throughout the petition, Petitioner references cases filed by

other SCDC inmates and asserts that his arguments should pertain to those "co-plaintiffs" as well.

In addition to referencing other cases throughout the Petition, Petitioner also struck through portions of the title of his petition form, crossing out "§ 2254" and adding the notations "Writ of Error" and "§ 1983." (ECF No. 1 at 1). Furthermore, in addition to the Warden of Lieber Correctional Institution, the institution where Petitioner is currently detained, Petitioner added "parties listed in case 8:16-cv-3320 et al." and "Judge Robert E. Hood et al. in expanded cases" on his petition as "defendants." (ECF No. 1 at 1). Petitioner also filed a pleading titled "Affidavit of Facts Giving Judicial Notice, Petition to Remove" in which he both asserts that the state of South Carolina is a party to this proceeding and attempts to remove his pending appeal from the South Carolina Court of Appeals to the federal courts. (ECF No. 4).

Petitioner's specific grounds for his habeas petition are as follows: (1) that the conviction "was obtained by statements that violated S.C. Code Ann. §§ 19-1-80 and 19-1-90," (2) that the conviction was obtained in violation of the 4th Amendment," (3) that the conviction was obtained by counsel's failure to disclose evidence favorable to the defense," (4) that the conviction was obtained "by violation of the protection against double jeopardy" due to both a grand jury and petit jury being used, and (5) that the conviction was obtained in violation of the Anti-Peonage Act. (ECF No. 1 at 14). The other claims Petitioner asserts are related to other prisoners, those prisoners' convictions, and those prisoners' petitions. (ECF No. 1).

Upon review of the record, the magistrate judge determined that Petitioner's petition for a writ of habeas corpus should be dismissed without prejudice because Petitioner has failed to exhaust available state court remedies and because Petitioner's allegations are vague and

conclusory in violation of Rule 2(c) of the Rules Governing Section 2254 Cases in United States District Courts. (ECF No. 9). Petitioner filed objections to this Report. (ECF No. 12).

## II. DISCUSSION

The vast majority of Petitioner's "objections" are nonresponsive to the Report and simply reiterate Petitioner's desire to consolidate his case with other cases within this District. (ECF No. 12). However, Petitioner does specifically contend that a writ of error and suit under § 1983 are the appropriate mechanisms under which this court should analyze his claims in the petition. (ECF No. 12 at 8–9). Additionally, throughout his pleadings, Petitioner states that "there are no available state remedies due to machination, fraud, misrepresentation, and other claims made" within the South Carolina courts. (*See* ECF No. 1 at 7). Petitioner claims that the State of South Carolina and the various judges within the South Carolina Court of Appeals and Supreme court are incorporated as defendants within this case, and that, therefore, any state remedies that are typically available would not be proper for his case. *Id.* at 19. After examining the record, the court overrules these objections for the reasons stated below.

For the following reasons, this court analyzes petitioner's claims and objections pursuant to 28 U.S.C. § 2254: (1) Petitioner filed this case using a § 2254 petition form; (2) Petitioner is currently "in custody pursuant to the judgment of a State court"; and (3) Petitioner seeks to have his convictions vacated. While Petitioner attempts to embed both § 1983 claims and a writ of error within his habeas petition, this is improper. Ordinarily, a Petitioner seeking to bring claims pursuant to 42 U.S.C. § 1983 may not present such claims within a habeas action in order to avoid paying the $350 filing fee. *See Altizer v. Dir., Va. Dep't of Corr.*, No 7:12-CV-00360, 2012 WL 4619264, at *1 (W.D. Va. Oct. 1, 2012). However, as Petitioner correctly asserts, since

petitioner is proceeding *in forma pauperis*, Petitioner may be entitled of a waiver of the filing fee regardless of whether the case is construed as a § 1983 claim for relief or a § 2254 petition. (ECF No. 12 at 8). Still, it is well-settled in the Fourth Circuit that if a state prisoner "is attacking the validity of his confinement and seeking release," as the Petitioner is doing here, "habeas corpus is the *exclusive* remedy." *Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986). Furthermore, even when a § 1983 action might seem appropriate based on the petitioner's complaint, the state prisoner cannot bring a § 1983 action to challenge his conviction or confinement or to seek his release. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Additionally, to the extent the Petitioner may also seek to bring claims via writ of error, as indicated on the cover page of his petition, such relief is not available because this court did not sentence Petitioner. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964). Therefore, despite Petitioner's attempts to embed these additional claims within his petition, this petition is construed and analyzed pursuant to the provisions of 28 U.S.C. § 2254.

Because the petition is construed as a petition for habeas corpus, the proper Respondent in this action is the Warden of Lieber Correctional Institution, where Petitioner is currently incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 – 35 (2004) (stating that a prisoner's custodian is the proper respondent in a habeas action). Therefore, the additional defendants listed on the face of the petition are improper defendants. Additionally, to the extent Petitioner attempts to incorporate by reference any other defendants from other cases pending before the South Carolina District Courts, this is improper. Warden McFadden is the sole proper defendant in this case.

Accordingly, Petitioner's claims that there are no "available" state court remedies because the State of South Carolina, the South Carolina Supreme Court, the South Carolina

Court of Appeals, and the various judges therein are defendants in this case are, therefore, void, because these entities are not proper defendants. As such, the judges sitting on either the South Carolina Court of Appeals and South Carolina Supreme Court are not required to recuse themselves as Petitioner suggests. Therefore, the Petitioner has the ability to seek state court relief from his convictions in the form of direct appeals and, thereafter, by applying for post-conviction relief within the state court system.

Habeas relief under § 2254 can be sought only after a Petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b). Exhaustion of state court remedies "preserves the respective roles of the state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, F.2d 218, 224 (5th Cir. 1973). Therefore, in order to satisfy the exhaustion requirement, "a habeas petitioner must fairly present his claim to the state's highest court." Accordingly, "[a]n applicant shall not be deemed to have exhausted his remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by available procedure, the question presented." 28 U.S.C. § 1254(c). Furthermore, while this exhaustion requirement is "not jurisdictional," it "is strictly enforced," and failure to exhaust one's available state remedies prior to filing a habeas petition will result in the petition's dismissal. *Matthews v. Evatt*, 105 F.3d 907, 011 (4th Cir. 1997).

Petitioner has failed to exhaust his state court remedies here. Petitioner received three concurrent sentences of life without parole for his attempted murder convictions and five years concurrent for his criminal conspiracy conviction. (ECF No. 9 at 5). According to the Berkeley County Ninth Judicial Circuit's Public Index, all four of these convictions are *currently* on appeal. In fact, Petitioner attached his appellant brief, which he presumably filed with the South Carolina Court of Appeals, to his petition in this case. (ECF No. 1-1). Therefore, it is clear that

Petitioner has viable state court remedies still available to him, including his pending appeals. Thus, this court determines that it should not keep this case on its docket while Petitioner is exhausting his state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

### III. CONCLUSION

Accordingly, the court adopts the Report (ECF No. 9) and incorporates it herein. It is, therefore, **ORDERED** that the habeas petition is **DISMISSED without prejudice** and without requiring Respondent to file a return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standing by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                        Timothy M. Cain
                                                        United States District Judge

November 3, 2017
Anderson, South Carolina